UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEOSIERRA ENVIRONMENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAUTILUS INSURANCE COMPANY, INC., <br><br> Defendant. | CASE NO. 2:22-cv-00505-TL <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS |

Before the court are (1) Plaintiff GeoSierra Environmental, Inc.'s ("GeoSierra") motion to remand (MTR (Dkt. No. 14); MTR Reply (Dkt. No. 26)), and (2) Defendant Nautilus Insurance Company, Inc.'s ("Nautilus") motion to dismiss for lack of personal jurisdiction (MTD (Dkt. No. 5); MTD Reply (Dkt. No. 22)). Nautilus opposes GeoSierra's motion to remand (MTR Resp. (Dkt. No. 24)), and GeoSierra opposes Nautilus's motion to dismiss (MTD Resp. (Dkt. No. 19).) The court has considered the

parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS GeoSierra's motion to remand and DENIES Nautilus's motion to dismiss.

## I. BACKGROUND

In February 2020, New Hampshire Ball Bearing Company ("NHBB") filed a lawsuit against GeoSierra in the U.S. District Court for the State of New Hampshire ("Underlying Lawsuit"). (*See* Am. Compl. (Dkt. No. 1-2) ¶ 2.8; *see also* Ver. of State Ct. Records (Dkt. No. 17) at 5-14 (original complaint).[2]) GeoSierra subsequently tendered a claim for defense and indemnity of the Underlying Lawsuit to three liability insurance companies: Nautilus, Aspen Environmental Insurance Company ("Aspen"), and former Defendant Certain Underwrites at Lloyds, London ("Lloyds"). (*See* Am. Compl. ¶ 2.9; Ver. of State Ct. Records at 8.) Nautilus and Lloyds disclaimed any obligation to defend or indemnify GeoSierra for the claims NHBB asserted against it in the Underlying Lawsuit. (Ver. of State Ct. Records at 10.)

Thus, on February 24, 2021, GeoSierra commenced this action against Nautilus and Lloyds in King County Superior Court.[3] (*See id.* at 5.) In its original complaint, GeoSierra sought declaratory relief and an award of damages based on Lloyds and Nautilus's denials of liability insurance coverage, including the denial of defense and

---

[1] The parties request oral argument (*see* MTD at 1; MTD Resp. at 1), but the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).
[2] The court cites the page numbers in the CM/ECF header when referring to the state court records.
[3] Because Aspen eventually agreed to defend GeoSierra, it was not named as a defendant in this action. (Ver. of State Ct. Records at 11.)

indemnity, for the claims asserted against it in the Underlying Lawsuit. (*See generally id.* at 5-14.)

Nautilus and Lloyds were served on March 2, 2021,[4] and Nautilus removed the case to this court on the basis of diversity jurisdiction two weeks later. (Beatty Decl. (Dkt. No. 15) ¶¶ 3-5, Exs. 2-4); *see also* NOR, *GeoSierra Environmental, Inc. v. Nautilus Insurance Company, Inc.*, C21-0366RSM (W.D. Wash. Mar. 17, 2021), Dkt. No. 1. Nautilus then moved to dismiss for lack of personal jurisdiction, and GeoSierra moved to remand for lack of subject matter jurisdiction. (*See* Beatty Decl. ¶ 7, Ex. 6 (motion to dismiss); *id.* ¶ 8, Ex. 7 (motion to remand) (arguing that Nautilus had failed to establish complete diversity between GeoSierra and each individual subscriber to Lloyds's policies).) While the two motions were pending, GeoSierra and Nautilus stipulated to a 45-day continuance of the initial case deadlines. (*Id.* ¶¶ 9-10, Exs. 8-9.) On October 18, 2021, District Court Judge Ricardo S. Martinez adopted Magistrate Judge Theresa L. Fricke's recommendation that he grant GeoSierra's motion to remand and decline to rule on Nautilus's motion to dismiss. (*Id.* ¶¶ 11-12, Exs. 10-11.) Although the case was remanded back to King County Superior Court on November 2, 2021 (*id.* ¶ 13, Ex. 12), the parties did not receive a new case assignment until January 2022 (*id.* ¶¶ 14-17, Exs. 13-15; *see also id.* ¶ 18, Ex. 16 (entering a new case schedule on February 11, 2022).)

On March 1, 2022, given Lloyds's ongoing defense commitment to GeoSierra and their willingness to contribute to a settlement in the Underlying Lawsuit, GeoSierra filed

---

[4] Although Lloyds was properly served, they did not appear in this action. (*See infra* § III.A.2.)

a motion in King County Superior Court to amend its complaint to dismiss Lloyds as a Defendant in this action. (Ver. of State Ct. Records at 76-78.) The motion was granted on March 22, 2022, and GeoSierra filed the amended complaint on April 14, 2022. (*See id.* at 98, 101-08.) Nautilus removed the case for the second time the following day, claiming that GeoSierra acted in bad faith to prevent Nautilus from removing within one year of the suit's commencement. (NOR (Dkt. No. 1) ¶¶ 5.1-5.10.) Nautilus then moved to dismiss for lack of personal jurisdiction (*see* MTD), and GeoSierra moved to remand the case back to King County Superior Court (*see* MTR).

## II. ANALYSIS

The court first addresses GeoSierra's motion to remand before turning to Nautilus's motion to dismiss.

**A.   GeoSierra's Motion to Remand**

The court sets forth the relevant legal standard before evaluating GeoSierra's motion to remand.

**1.   Legal Standard for Motions to Remand**

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005); *see* 28 U.S.C. § 1441(a); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). One such basis for removal is diversity jurisdiction, which exists if the suit is brought between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). If a case is not initially removable, the defendant may file a

notice of removal within 30 days of receiving a copy of an amended pleading or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed on the basis of diversity jurisdiction more than one year "after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

"Although the Ninth Circuit has not defined a standard for district courts to use when evaluating the 28 U.S.C. § 1446(c)(1) "bad faith" exception, district courts in the Ninth Circuit have stated that 'defendants face a high burden to demonstrate that a plaintiff acted in bad faith to prevent removal.'" *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1196 (W.D. Wash. 2020) (quoting *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829JCC, 2016 WL 4009849, at *2-3 (W.D. Wash. Jul. 27, 2016) (noting that "district courts in this circuit have applied a strict standard" when evaluating bad faith in the removal context)). "This standard is consistent with the requirement to strictly construe the removal statute against removal." *Id.* (citing *Heacock*, 2016 WL 4009849, at *3); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, a defendant claiming bad faith under 28 U.S.C. § 1446(c)(1) "is required to do more than cast doubt; it must present evidence or argument that eclipses the "high threshold" of showing Plaintiffs' bad faith in preventing removal." *Stroman v. State Farm Fire & Cas. Co.*, No. C18-1297RAJ, 2019 WL 1760588, at *3 (W.D. Wash. Apr. 22, 2019).

In determining bad faith under 28 U.S.C. § 1446(c)(1), courts have generally inquired as to whether the plaintiff engaged in strategic gamesmanship designed to keep

the case in state court until the one-year deadline has expired. As part of that inquiry, district courts in the Ninth Circuit often consider "[t]he timing of naming a non-diverse defendant, the timing of dismissal, and the explanation given for that dismissal," as well as whether the "plaintiff failed to actively litigate a claim against a [non-diverse] defendant *in any capacity*." *Heacock*, 2016 WL 4009849, at *3 (emphasis in original); *see also Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021).

### 2. Whether Remand is Appropriate

No party disputes that Nautilus filed its second notice of removal in this case based on diversity jurisdiction more than one year after GeoSierra commenced suit in state court. (*Compare* Compl. (filed on February 24, 2021), *with* NOR (filed on April 15, 2022).) Therefore, unless the "bad faith" exception applies, Nautilus's removal is barred under 28 U.S.C. § 1446(c)(1) by the one-year limitation for removal based on diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(1). For the reasons discussed below, the court concludes that the record in this case does not establish that GeoSierra acted with the level of bad faith necessary to justify removal.

First, the timing of GeoSierra's naming of Lloyds—the Defendant who would otherwise defeat federal jurisdiction—in this action does not indicate bad faith. *See, e.g.*, *Heacock*, 2016 WL 4009849, at *3-4 (drawing a distinction between a plaintiff who included a non-diverse defendant at the "outset of his case" and another who acted in bad faith by joining the defendant in response to a removal notice). GeoSierra named Lloyds as a Defendant at the initiation of litigation because Lloyds had declined to defend or indemnify GeoSierra in the Underlying Lawsuit. (*See generally* Compl. ¶¶ 2.10-2.21,

3.1-3.5); *see, e.g.*, *Kolova*, 438 F. Supp. 3d at 1197 (finding no bad faith where plaintiff named the non-diverse defendant and asserted colorable claims against it in the original complaint); *Kalfsbeek Charter*, 540 F. Supp. 3d at 944 (finding no indication of bad faith where plaintiff named non-diverse defendant "as a defendant from the outset of the case").

Second, GeoSierra's explanation for the dismissal of Lloyds weighs against a finding of bad faith. GeoSierra sued Lloyds because they had refused to defend or indemnify GeoSierra for the claims asserted against GeoSierra in the Underlying Lawsuit. (Ver. of State Ct. Records at 8-11.) Two months after GeoSierra commenced the state court action, Lloyds agreed to defend GeoSierra in the Underlying Lawsuit, subject to a reservation of rights. (Crueger Decl. (Dkt. No. 16) ¶ 4.) However, after Lloyds agreed to defend GeoSierra, the parties could not agree to the terms of Lloyds's defense, and Lloyds continued to contend their insurance policies did not cover the Underlying Lawsuit. (*Id.* ¶ 5.) Additionally, Lloyds continued to refuse to indemnify GeoSierra with respect to the Underlying Lawsuit. (*See generally id.* ¶¶ 5, 9-10; MTR Reply at 2.) Following an unsuccessful mediation in the Underlying Lawsuit, NHBB, the plaintiff in the Underlying Lawsuit, approached GeoSierra on February 23, 2022, and insisted that GeoSierra should make a settlement offer. (*Id.* ¶¶ 6-8.) Lloyds then agreed to contribute, along with GeoSierra and Aspen, to a settlement offer, which GeoSierra communicated to NHBB on February 25, 2022. (*Id.* ¶ 9.) At this point, given Lloyds's ongoing defense

commitment to GeoSierra and their willingness to contribute to a settlement, GeoSierra determined it would dismiss Lloyds from this action.[5] (*Id.* ¶ 10.)

Although Lloyds agreed to defend GeoSierra shortly after GeoSierra commenced this action, the court agrees that it "was entirely reasonable for GeoSierra" to keep Lloyds "in this case at least until they demonstrated that they would in fact authorize settlement money for the Underlying [Lawsuit]." (MTR Reply at 2 (noting that this offer to contribute to the settlement reflected Lloyds's effort to fulfill their indemnity obligations).) GeoSierra's explanation regarding the timing of Lloyds's dismissal is plausible and suggests that jurisdiction was not the primary reason why GeoSierra dismissed Lloyds after the one-year cutoff. *See Heller v. Am. States Ins. Co.*, No. CV159771DMGJPRX, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016) ("[C]ourts have remanded where delays can be reasonably explained." (citing *Escalante v. Burlington Nat. Indem., Ltd.*, No. 2:14-CV-7237-ODW, 2014 WL 6670002 (C.D. Cal. Nov. 24, 2014))); *Kalfsbeek Charter*, 540 F. Supp. 3d at 945 (finding plaintiff's attempt to avoid arbitration provided a valid explanation for dismissal and demonstrated plaintiff's desire to stay in state court was not the but-for cause of her decision to delay dismissal of non-diverse defendant).

---

[5] Nautilus implies that GeoSierra's decision to dismiss Lloyds without prejudice indicates bad faith. (*See* MTR Resp. at 5-6.) Nautilus cites to no case law to support such an assertion, and the court declines to find that a dismissal without prejudice, by itself, indicates bad faith. Although GeoSierra dismissed Lloyds because of their willingness to contribute to a settlement in the Underlying Lawsuit, the Underlying Lawsuit is still ongoing. (Crueger Decl. ¶¶ 9-10 (stating that NHBB did not accept the February 2022 settlement offer).) As such, it was prudent to dismiss Lloyds without prejudice given the remaining possibility, however unlikely, of a future dispute regarding Lloyds's duty to defend and indemnify GeoSierra with respect to the Underlying Lawsuit.

In reaching this conclusion, the court rejects Nautilus's contention that GeoSierra has offered inconsistent explanations for Lloyds's dismissal. (*See* MTR Resp. at 5-6); *Heacock*, 2016 WL 4009849, at *3 ("[B]ad faith was found when a plaintiff offered inconsistent explanations as to why a defendant was not dismissed earlier in the litigation."). Although GeoSierra's motion to for leave to amend its complaint stated only that GeoSierra intended to dismiss Lloyds because Lloyds agreed to provide it a defense in the Underlying Lawsuit (Ver. of State Ct. Records at 76), this is not inconsistent with GeoSierra's explanation that it dismissed Lloyds's because of their ongoing commitment to defend GeoSierra and their offer to contribute to a settlement.[6] (MTR at 8; Crueger Decl. ¶ 10.) For these reasons, the court declines to find that GeoSierra has put forth the type of inconsistent explanations that would justify a finding of bad faith. *See, e.g.*, *Heller*, 2016 WL 1170891, at *3 (finding bad faith where plaintiff told the district court that a non-diverse defendant was dismissed because plaintiff was unable to serve defendant "after countless attempts," but told the Superior Court that plaintiff was "holding off on serving" the non-diverse defendant and considering dismissing defendant).

Third, the timing of GeoSierra's dismissal of Lloyds does not, on its own, support the contention that GeoSierra waited to dismiss Lloyds in an effort to prevent removal. GeoSierra moved to amend its complaint to dismiss Lloyds one year and four days after the commencement of the action in state court, and ultimately dismissed Lloyds one year

---

[6] Additionally, the court agrees with GeoSierra that, for the purposes of a motion for leave to amend a complaint, GeoSierra was under no obligation to offer an in-depth explanation regarding the reasons behind and timing of its dismissal of Lloyds. (*See* MTR Reply at 4.)

and one and a half months after the commencement of this action. (*See* Ver. of State Ct. Records at 76-78, 98, 101-08.) Although this timing could suggest bad faith, GeoSierra offers a plausible explanation for the timing of the dismissal of Lloyds, as discussed above. *See, e.g.*, *Stroman*, 2019 WL 1760588, at *3 ("Suspicious timing by itself, however, is not sufficient to demonstrate bad faith."). Courts within the Ninth Circuit have not found bad faith where plaintiffs offer plausible explanations for dismissing non-diverse defendants near the one-year cutoff. *See, e.g.*, *Kalfsbeek Charter*, 540 F. Supp. 3d at 943-45 (finding no bad faith despite plaintiff's dismissal of non-diverse defendant five days after the one-year cutoff); *Bishop v. Ride the Ducks Int'l, LLC*, No. C18-1319JCC, 2018 WL 5046050, at *1 (W.D. Wash. Oct. 17, 2018) (finding no bad faith where plaintiff reached settlement with two non-diverse defendants a few days after the one-year cutoff and dismissed those defendants roughly a month later).

Finally, GeoSierra's actions in this case do not rise to the level of inactive litigation that would establish bad faith. Courts have interpreted the "active litigation" requirement broadly, finding bad faith only where the plaintiff has not litigated the claim "*in any capacity*." See *Heacock*, 2016 WL 4009849, at *3-4. For example, a plaintiff may actively litigate against the non-diverse defendant by "asserting valid claims, taking discovery, [or] negotiating settlement," among other things. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263-65 (D.N.M. 2014) (defining "actively litigate" broadly because plaintiffs may be motivated to litigate a claim against a defendant for reasons other than collecting damages). Here, GeoSierra asserted valid claims against Lloyds from the outset, seeking to enforce its rights under insurance policies issued by Lloyds,

and served Lloyds with a copy of the summons and complaint. (*See* Ver. of State Ct. Records at 5-13; Beatty Decl., Ex. 3.) Additionally, after this case commenced, GeoSierra began negotiating with Lloyds regarding their coverage obligations, dismissing Lloyds only after Lloyds agreed to defend GeoSierra and contribute to the settlement in the Underlying Lawsuit. (*See* Crueger Decl. ¶¶ 4-10; MTR Reply at 2); *Aguayo*, 59 F. Supp. 3d at 1229 (stating that "if the plaintiff keeps the removal spoiler joined . . . to[, among other things,] force a settlement, . . . the Court will consider the plaintiff to have actively litigated against the removal spoiler").

Although GeoSierra informed Lloyds that they need not answer the complaint and did not seek default judgment against Lloyds after they failed to answer or otherwise appear in this action, these actions do not establish bad faith.[7] (Crueger Decl. ¶ 5; MTR Resp. at 3); *see, e.g.*, *Torres v. Honeywell, Inc.*, No. 2:20-CV-10879-RGK-KS, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021) (finding that plaintiffs litigated case against non-diverse defendant even though plaintiffs did not seek default judgment against non-diverse defendant or take any formal discovery from them). Rather, these actions can be explained by the delay of merits litigation caused by Nautilus's first removal, the

---

[7] The court also acknowledges that other courts have concluded that a plaintiff's failure to serve any discovery on the non-diverse defendant weighs in favor of a finding of bad faith, *see, e.g.*, *Kalfsbeek Charter*, 540 F. Supp. 3d at 944 (noting that the fact that plaintiff served discovery on one defendant, but not on the non-diverse defendant, weighed in favor of bad faith), but declines to find bad faith on this basis here for two reasons. First, no one in this case has engaged in any discovery yet, including Nautilus. (*See* Beatty Decl. ¶ 19); *see, e.g.*, *Somera Cap. Mgmt., LLC v. Twin City Fire Ins. Co.*, No. CV204277DMGMRWX, 2020 WL 3497400, at *3 (C.D. Cal. June 29, 2020) (finding that lack of discovery did not indicate bad faith where plaintiff elected not to serve discovery on either defendant). Second, for the first approximately eight months of this case, the parties were unable to engage in discovery due to Nautilus's first removal of this case and Federal Rule of Civil Procedure 26(d)(1)'s prohibition on discovery in federal court when parties have not yet had a Rule 26(f) conference. (*See* Beatty Decl. ¶¶ 9-10, 14-19, Exs. 8-9; *see also* MTR Reply at 3-4; MTR at 5-7.)

remand back to Superior Court, and the Superior Court's inaction after remand, as well as the fact that GeoSierra was engaged in ongoing negotiations with Lloyds regarding their coverage obligations. (*See* Crueger Decl. ¶¶ 5-10; Beatty Decl. ¶ 19; MTR at 11-12; MTR Reply at 4 (describing the January and February 2022 settlement negotiations in the Underlying Lawsuit as the "crucial test of whether [Lloyds] would actually offer settlement money in addition to defending the" Underlying Lawsuit).) Thus, the record does not reflect that GeoSierra has "failed to actively litigate" its claims against a Lloyds "*in any capacity*." *Heacock*, 2016 WL 4009849, at *3 (emphasis in original); *Aguayo*, 59 F. Supp. 3d at 1229, 1263-65.

In sum, Nautilus has not carried its heavy burden of providing that the "bad faith" exception to 28 U.S.C. § 1446(c)(1)'s one-year removal limitation applies. *See Heacock*, 2016 WL 4009849, at *3; *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and strictly construed."). Nautilus's removal is therefore untimely. 28 U.S.C. § 1446(c)(1). Accordingly, the court GRANTS GeoSierra's motion to remand this case to King County Superior Court.

B.     **GeoSierra's Request for Attorneys' Fees**

GeoSierra also moves for an award of attorneys' fees incurred in researching and briefing its motion to remand. (MTR at 12-13.) When a court remands an improperly removed action, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fees are appropriate when removal lacks "an objectively reasonable basis." *Martin*, 546 U.S. at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied."

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING
DEFENDANT'S MOTION TO DISMIS - 12

*Id.*; *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier*, 518 F.3d at 1065. Rather, the court must determine whether the defendant's arguments supporting removal were "clearly foreclosed." *Id.* at 1065-66.

The court concludes that an award of attorneys' fees is unwarranted in this case. In its pleadings, Nautilus points to GeoSierra's conduct that might be indicative of its strategic gamesmanship to prevent timely removal. (*See* NOR ¶¶ 5.1-5.10; MTR Resp. at 5-6; *see also supra* § III.A.2.) Although the court disagrees with Nautilus's assessment of such conduct (*see supra* § III.A.2), Nautilus appears to have had at least some reasonable basis to rely on 28 U.S.C. § 1446(c)(1)'s bad faith removal exception. *See, e.g.*, *Torres*, 2021 WL 259439, at *3 (declining to award fees because defendant's removal was not objectively unreasonable in light of its reliance on plaintiffs' conduct that might have been indicative of bad faith). Accordingly, the court DENIES GeoSierra's request for attorneys' fees.

C. **Nautilus's Motion to Dismiss for Lack of Personal Jurisdiction**

Having concluded that this case should be remanded back to King County Superior Court (*see supra* § III.A.2), the court declines to decide Nautilus's motion to dismiss. Accordingly, the court DENIES as moot Nautilus's motion to dismiss for lack of personal jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS GeoSierra's motion to remand (Dkt. No. 14), DENIES Nautilus's motion to dismiss (Dkt. No. 5), and REMANDS this case to King County Superior Court.

Dated this 24th day of March 2023.

Tana Lin
United States District Judge